# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| MICHAEL A. HARRELL, | : | |
|---|---|---|
| Plaintiff | : | CIVIL ACTION NO. 1:10-0663 |
| v. | : | (CALDWELL, D.J.) |
| | | (MANNION, M.J.) |
| WARDEN THOMAS DURAN et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION[1]

Pending before the court is the defendants' motion to dismiss the plaintiff's complaint. (Doc. No. 10). Based upon a review of the motion and related materials, it is recommended that the defendants' motion be granted in part and denied in part as discussed herein.

By way of relevant background, on March 26, 2010, the plaintiff, a former pre-trial detainee at the Clinton County Correctional Facility[2], filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). On the same day, the plaintiff filed the appropriate application to proceed in forma pauperis, (Doc. No. 2), and authorization form, (Doc. No. 3). As a result, a financial administrative order was issued. (Doc. No. 6).

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

[2]The plaintiff is currently housed at the State Correctional Institution, Coal Township, Pennsylvania.

By order dated April 20, 2010, it was directed that the complaint be served. (Doc. No. 7).

On June 4, 2010, the defendants filed the pending motion to dismiss. (Doc. No. 10). A brief in support of the defendants' motion followed on June 8, 2010. (Doc. No. 11). After having been granted an extension of time to do so, (Doc. No. 17), on August 3, 2010, the plaintiff filed a brief in opposition to the defendants' motion to dismiss. (Doc. No. 18). The defendants filed a reply brief on August 10, 2010. (Doc. No. 19). Without leave of court, on October 5, 2010, the plaintiff filed a sur-reply brief[3]. (Doc. No. 20).

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language

---

[3]The plaintiff's filing is contrary to Middle District of Pennsylvania Rules of Court, Local Rule 7.7, which requires leave of court prior to filing a sur-reply. However, the plaintiff's document has been accepted for filing and will be considered by the court in conjunction with the pending motion.

found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the

3

court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

In his complaint, the plaintiff alleges that on February 28, 2010, defendants Maggs and Cain asked him to "cuff up for window/wall inspection." The plaintiff alleges that he complied with the request, but that defendant Maggs purposefully tightened the cuffs on his left wrist. According to the complaint, the plaintiff requested that the cuffs be loosened, but defendant Maggs would not do so. The plaintiff alleges that he attempted to "retrieve his arm" at which time defendants Cain and Maggs "made a fight for control of [his] left arm." The plaintiff alleges that the cuffs were placed so tight on his left wrist that he now has scars on his wrist from the incident. Eventually, the plaintiff alleges that defendants Maggs and Cain released the cuffs and called defendant Boatman, who instructed them to "lock the cuffs on the next go

4

round."

In the "Relief" section of his complaint, the plaintiff sets forth additional claims, including a claim that he received unfair treatment by defendant Duran and staff members when he was detained in administrative segregation without a hearing or a chance to present witnesses after the incident at issue. The plaintiff further claims defendants Duran and Motter[4] have shown prejudice by allowing retaliatory write-ups to be filed against him. The plaintiff alleges that defendant Motter "encourages the correctional officer's behavior by dismissing the acts of the officers and allowing further disrespect towards inmates without any cares to a grievance system," and that she has failed to reprimand the officers for their "disregard for inmates." In fact, the plaintiff claims that defendant Motter dismissed the excessive force incident at issue by saying that the plaintiff caused the injuries to himself. He further claims that defendant Duran never responded to his grievance appeal relating to the incident at issue.

Based upon the above allegations, the plaintiff is seeking monetary damages "due to C.O.'s putting cufs (sic) to left wrist and mental anguish." In addition, he is seeking injunctive relief including being placed back in the

---

[4]Both defendants Jacqueline Motter and David Harkey are deputy wardens at the facility. Although the plaintiff does not specifically name the deputy warden to which he is referring, he references the deputy warden as a "she," thereby implicating defendant Motter.

general population and being transferred out of the Clinton County Correctional Facility.

In their motion to dismiss, the defendants initially argue that the plaintiff's claim of excessive force against defendants Maggs and Cain should be dismissed. (Doc. No. 11, pp. 7-9).

The due process guarantees of the Fourteenth Amendment apply to pretrial detainees. Therefore, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." To determine what behavior or condition amounts to punishment, the court looks to the United States Supreme Court in Bell v. Wolfish:

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

441 U.S. 520, 535-39 (1976)(citations omitted).

Here, the plaintiff alleges that defendants Maggs and Cain instructed him to put his hands out to cuff up for inspection. Although he complied with

6

the order, the plaintiff alleges that defendant Maggs purposefully placed the cuffs on his left wrist too tight. The plaintiff alleges that he asked that the cuffs be adjusted, but defendant Maggs refused. At that point, the plaintiff alleges that he attempted to pull his arm back which led to a struggle for control over his arm. As a result of the placement of the cuffs, the plaintiff alleges that he now has scars on his left wrist.

The defendants argue that the plaintiff's allegations show only a *de minimus* use of force, and that there is nothing to indicate that the force was applied maliciously and sadistically to cause harm. However, taking the plaintiff's allegations to be true, as the court must do at this point in the proceedings, the plaintiff has alleged enough to survive the defendants' motion to dismiss on the excessive force claim against defendants Maggs and Cain. Therefore, the defendants' motion to dismiss should be denied on this basis.

The defendants further argue that the plaintiff's excessive force claim should be dismissed with respect to defendant Boatman. Here, the court agrees. The only allegation against defendant Boatman is that he arrived after the incident at issue and told defendants Maggs and Cain "to lock the cuffs on the next go round." Even accepting the plaintiff's allegations as true, there is no indication that defendant Boatman was involved in any force used against the plaintiff. Therefore, the defendants' motion to dismiss should be

7

granted on this basis.

The defendants argue that the claims against defendants Duran and Motter are based only on a theory of *respondeat superior* and should therefore be dismissed. (Doc. No. 11, pp. 10-12).

Relief cannot be granted against a defendant pursuant to §1983 based solely on the theory of *respondeat superior* or the fact that the defendant was the supervisor or superior of the person whose conduct actually deprived the plaintiff of one of his federally protected rights under color of state law. Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976); Goode v. Rizzo, 506 F.2d 542, 550 (3d Cir. 1974), rev'd on other grounds, Rizzo v. Goode, 423 U.S. 362 (1976). Instead, liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(citing Rhode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

To the extent that the plaintiff alleges that defendants Duran and Motter dismissed the acts of the officers after the fact and did not reprimand the officers for the alleged excessive force incident at issue, the court agrees that the plaintiff has failed to allege sufficient knowledge or acquiescence in the officers' actions to impose liability. However, to the extent that the plaintiff

alleges that defendants Duran and Motter "allow[ed]" the plaintiff to be given retaliatory write-ups, this infers knowledge and acquiescence on the part of the defendants in the retaliatory acts. Therefore, the defendants' motion to dismiss should be granted in part and denied in part with respect to defendants Duran and Motter. The plaintiff's complaint should be dismissed with respect to these defendants in relation to the excessive force incident, but should be allowed to proceed with respect to the claim that they were involved in the issuance of retaliatory write-ups against the plaintiff.

The defendants next argue that the claims against defendants Harkey, Klinger and Rigley should be dismissed because, other than naming them in the caption of the complaint, the plaintiff has failed to allege any facts showing specific conduct by them related either to their personal participation in the incident at issue or their supervisory liability. (Doc. No. 11, pp. 12-13).

In his brief in opposition to the defendants' motion to dismiss his complaint, the plaintiff attempts to add claims against defendants Harkey, Klinger and Rigley. However, because we are considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), only the allegations made in plaintiff's complaint should be analyzed. Ritter v. Virtue, 2010 WL 1433130 (M.D.Pa. 2010)(Caldwell, J.)[5]. Thus, for purposes of the instant motion, the court will

---

[5]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

9

not consider the additional allegations first raised by the plaintiff in his brief in opposition[6]. Because the plaintiff fails to set forth any substantive allegations against these defendants in his complaint, the defendants' motion to dismiss should be granted on this basis.

To the extent that the plaintiff alleges that defendants Duran, Motter and Boatman failed to properly consider or grant the plaintiff's grievance filed in relation to the excessive force incident at issue, the defendants argue that the plaintiff has no constitutional right to a grievance procedure and therefore his complaint should be dismissed with respect to this claim. (Doc. No. 11, p. 13-14).

It has long been established that prisoners do not have a constitutional right to a prison grievance procedure. See Anderson v. Horn, 1997 WL 152801 (E.D.Pa.)(citing Hoover v. Watson, 886 F.Supp. 410 (D.Del.), aff'd 74 F.3d 1226 (3d Cir. 1995); Brown v. Dodson, 863 F.Supp. 284 (W.D.Va. 1994); Spencer v. Moore, 638 F.Supp. 315 (E.D.Mo. 1986); Flick v. Alba, 932 F.2d 723 (8th Cir. 1991)). Therefore, the defendants' motion to dismiss should be granted on this basis and any claims by the plaintiff against defendants Duran, Motter and Boatman in relation to the handling of his grievance should be dismissed.

---

[6]Of course, if he desires to do so, the plaintiff may seek leave of court to amend his complaint to include claims against the above defendants.

Finally, to the extent that the plaintiff seeks injunctive relief with respect to his placement in administrative segregation, the defendants argue that the plaintiff has failed to properly allege a substantive due process claim. (Doc. No. 11, pp. 14-15). However, with respect to this claim for injunctive relief, as well as his request for a transfer to another facility, since the filing of his complaint, the plaintiff has been transferred from the Clinton County Correctional Facility to the State Correctional Institution, Coal Township, Pennsylvania. Generally, a prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief because he is no longer subject to the conditions he alleges are unconstitutional. Torres v. Clark, 2010 WL 3975640 (M.D.Pa. 2010)(Caldwell, J.)(citing Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); see also Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge."). Since there is nothing in the record to suggest that it is likely that the plaintiff will be returned to the Clinton County Correctional Facility in the foreseeable future, his request for injunctive relief is moot and should be dismissed. Id. (citing Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D.Pa. 1998)("Fortes' transfer to another institution moots any claims for injunctive or declaratory relief.")).

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the defendants' motion to dismiss the plaintiff's complaint, **(Doc. No. 10)**, be **GRANTED IN PART AND DENIED IN PART** as follows:

**(1)** the defendants' motion to dismiss should be **DENIED** with respect to the excessive force claim against defendants Maggs and Cain;

**(2)** the defendants' motion to dismiss should be **GRANTED** with respect to the excessive force claim against defendant Boatman;

**(3)** the defendants' motion to dismiss should be **GRANTED** with respect to the claims against defendants Duran and Motter in relation to the excessive force incident, but **DENIED** with respect to the plaintiff's claim that these defendants were involved in the issuance of retaliatory write-ups against the plaintiff;

**(4)** the defendants' motion to dismiss should be **GRANTED** with respect to defendants Harkey, Klinger and Rigley;

**(5)** the defendants' motion to dismiss should be **GRANTED** with respect to any claims against defendants Duran, Motter and Boatman for failure to properly consider or grant the

plaintiff's grievance in relation to the excessive force incident at issue; and

**(6)** the defendants' motion to dismiss should be **GRANTED** with respect to the plaintiff's requests for injunctive relief, as those claims are now moot.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** December 13, 2010

O:\shared\REPORTS\2010 Reports\10-0663-01.wpd